**E-FILED**
Friday, 26 October, 2012  08:58:15 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-cr-30089 |
| | ) | |
| STEVEN L. CARSON, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Steven L. Carson's Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment (d/e 11) (Motion). On August 22, 2012, the Grand Jury indicted Carson on charges of Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2256(2); Distribution of Child Pornography, in violation of 18 U.S.C. § 2256; and Possession of Child Pornography, in violation of 18 U.S.C. § 2256(8)(A) and (B). Indictment (d/e 7), Counts 1, 2, and 3. The Indictment also included a Criminal Forfeiture Notice of certain computer equipment and a camera. Carson moves to suppress certain items seized during the execution of a search warrant. The parties agree that the Motion can be resolved without an evidentiary hearing. Motion, at 1; Government's Response to

<u>Defendant's Motion to Suppress Evidence (d/e 14)</u>, at 6.  This Court, therefore, did not hold a hearing.  The Court, however, required the Government to provide additional information.  <u>Order entered October 19, 2012 (d/e 15)</u>.  The Government provided the requested information.  <u>Government's Response to Court's Order (d/e 16) (Supplemental Response)</u>.  After careful review of the parties' submissions and the applicable law, the Court recommends that the Motion should be DENIED.

BACKGROUND

On July 31, 2012, law enforcement officials executed a search warrant (Warrant) at Carson's residence located at 7 Haley Dr., Hillsboro, Illinois.  <u>See</u> <u>Motion</u>, Exhibit 2, <u>Search and Seizure Warrant, Application for Search Warrant, Application and Affidavit for Search Warrant (Affidavit), and Attachment A Items to be Searched for and Seized (Attachment)</u>.  Carson does not challenge the validity of the Warrant.

The Application and Affidavit for Search Warrant (Affidavit) was executed by Federal Bureau of Investigation Special Agent Sonya C. Lester.  The Affidavit defined certain terms used in the Affidavit and Attachment.  The Affidavit defined "computer hardware," to include "all equipment that can . . . capture, collect, . . . store, . . . or transmit electronic, magnetic or similar computer impulses or data."  <u>Affidavit</u> ¶ 6.d.  The Affidavit defines "visual depictions," to include "data stored on computer disk or by electronic means, which is capable of conversion into

a visual image . . . ."  <u>Affidavit</u> ¶ 6.k.  The Affidavit defined the term

"records," to include, "all information recorded in any form, . . ., whether . . .

mechanical form (including, but not limited to, . . ., printing, . . .); or

electronic or magnetic form (including but not limited to . . . electronic or

magnetic storage devices such as . . . Multi Media Cards (MMCs), memory

stick, . . . smart cards, . . . ."  <u>Affidavit</u> ¶ 6.l.

The Attachment set forth eleven categories of items to be searched

for and seized in the execution of the Warrant.  The categories stated, in

part,

> 1.     Computer(s), computer hardware, . . . video recording
> devices, video recording players, and video display monitors
> that may be, or are used to: visually depict child pornography or
> child erotica; . . . or distribute, possess, or receive child
> pornography, child erotica, or information pertaining to an
> interest in child pornography or child erotica.
>
> . . . .
>
> 4.     All originals, computer files, copies and negatives, in any
> format and medium, that depicts images of minors engaged in
> sexually explicit conduct.
>
> . . . .
>
> 6.     Any and all notes, documents, records or
> correspondence, in any format or medium . . . that relate to the
> receipt, distribution, or possession of child pornography.
>
> . . . .
>
> 11.    Any and all . . . records that demonstrate personal
> contact, or any interest in personal contact, with a minor that
> involves sexually explicit conduct.

Attachment.  This Court issued the Warrant on July 24, 2012.  Warrant.

Carson does not challenge the validity of the Warrant.

Law enforcement officials executed the Warrant on July 31, 2012.

The Return of the Warrant was filed August 9, 2012.  Motion, Exhibit 1,

Return.  The Return listed 29 items taken from the basement office and

one item taken from the basement bedroom.  The items taken from the

office included a Canon SX-120 camera, a Polaroid PDC640 camera, two

books, and a group of items described as "bondage material."  Return, at 2;

Supplemental Response, Attachment 5, Photograph of Polaroid PDC640

camera.

The Canon SX-120 camera and Polaroid PDC640 camera are both

digital cameras.   Each contained a memory card when seized.  The Canon

SX-120 has the capability to make video recordings.  The memory card

found in the Polaroid PDC640 camera contained 15 images of child

pornography. Supplemental Response, at 3 and Attachments 4 and 5,

Photographs of Canon SX-120 and Polaroid PDC640 Cameras and data

cards.

The two books seized are entitled From Victim to Offender How Child

Sexual Abuse Victims Become Offenders, by Freda Briggs, and Boys

Sexual Abuse and Treatment, by Anders Nyman and Borje Svensson.

Supplemental Response, Attachments 2 and 3, Photographs of Book

Covers.   The two books do not contain any visual depictions of sexually

explicit conduct that involves the use of a minor; child erotica; and/or child

pornography. Supplemental Response, at 3.

The material identified as bondage material consisted of a man's

white tube sock; a man's braided leather belt; a pair of woman's mid-calf

length nylon hose; two partially used rolls of masking tape; and a white

cord, several feet in length, that has been threaded through a small clasp

to form a loop.  Supplemental Response, Attachment 1, Photograph of

Bondage Material.  The bondage materials were located in a desk drawer.

Id.  The Affidavit stated that investigators had downloaded pornographic

images from through peer-to-peer file-sharing software from Carson's user

name "larkin1190" that included prepubescent boys bound in various

positions.  Affidavit ¶¶ 14.a. and 14.c.

ANALYSIS

Carson moves to suppress the items listed above because they were

beyond the scope of the search authorized by the Warrant.  Carson does

not challenge the validity of the Warrant or any other aspect of the

execution of the Warrant.

A search must be conducted pursuant to a warrant unless the search

fits within a recognized exception.  See United States v. Longmire, 761

F.2d 411, 417 (7th Cir. 1985).  A warrant must state with particularity the

Page 5 of  11

place to be searched and the person or things to be seized.  U.S. Const.

amend IV.  If the items seized during the execution of a warrant are not

authorized by the Warrant, then the items must be suppressed unless

officers acted in good faith in believing that the items were within the scope

of the Warrant.  See United States v. Leon, 468 U.S. 897, 919-21 (1984).

In the alternative, the items will not be suppressed if the seizure of the

items fits within an exception to the warrant requirement.  Longmire, 761

F.2d at 417.

Carson has the burden to prove that the items seized exceed the

scope of the Warrant.  Id.  If Carson meets this burden, the Government

has the burden to present a prima facie case that the officers acted in good

faith.  United States v. Koerth, 312 F.3d 862, 868 (7th Cir. 2002).  If the

Government presents a prima facie case that the officers acted in good

faith, the defendants must show either:

> (1) the magistrate "wholly abandoned his judicial role," or
> otherwise failed in his duty to "perform his 'neutral and
> detached' function and not serve merely as a rubber stamp for
> the police"; *Leon,* 468 U.S. at 923; or (2) the officer submitted
> an affidavit "so lacking in indicia of probable cause as to render
> official belief in its existence entirely unreasonable." *Id.* at 923.

Koerth, 312 F.3d at 868 (parallel citations omitted).  Alternatively, the

Government also has the burden to show that the seizure fits within an

exception to the warrant requirement.  Longmire, 761 F.2d at 417.

In this case, the books fit within the scope of the Warrant.  The Attachment lists all "records that demonstrate . . . any interest in personal contact, with a minor that involves sexually explicit conduct."  Attachment ¶ 11.  The Affidavit defines "records" to include printed material.  Affidavit ¶ 6.l.  The two books are printed material, and so are records, and the titles show that the books relate to the sexual abuse of children.  The books, thus, demonstrate an interest that involves personal contact with a minor that involves sexually explicit conduct.  The books are within the scope of the Warrant.

The Canon SX-120 camera also fits within the scope of the Warrant.  The Attachment lists video recording devices.  Attachment ¶ 1.  The Canon SX-120 is capable of making video recordings.  The Canon SX-120 camera fits within the scope of the Warrant.

The data cards found in the two cameras also fit within the scope of the Warrant.  The data cards are included in the definition of records.  Affidavit ¶ 6.l.  The data cards were found within cameras, and so, the officers could reasonably conclude that they may contain images of child pornography.  As such, the data cards fit within the scope of the Warrant.  See Attachment ¶¶ 4 and 6.

The Polaroid PDC640 camera also fits within the scope of the Warrant.  The definition of computer hardware includes, "all equipment that

can . . . capture, collect, . . . store, . . . or transmit electronic, magnetic or similar computer impulses or data." Affidavit ¶ 6.d.  The Polaroid PDC640 camera fits within this definition; it is a digital camera that captures, stores, and transmits images in the form of electronic digital data.  The Attachment lists computer hardware that may be used to possess or store child pornography.  Attachment ¶ 1.  The Polaroid PDC640 camera may be used for this purpose and, therefore, fits within the scope of the Warrant.

Beyond the technical definition of "computer equipment" in the Affidavit, the Polaroid PDC640 camera fits within a reasonable interpretation of the Warrant.  Officers executing a warrant are necessarily required to interpret the warrant.  In doing so, they are not obliged to interpret it narrowly.  Hessel v. O'Hearn, 977 F.2d 299, 302 (7th Cir. 1992).  An officer executing the Warrant in this case would reasonably interpret the Warrant to authorize the seizure of evidence of the production, possession, and distribution of child pornography, with an emphasis on images produced, stored and distributed in digital form.  A digital camera, such as the Polaroid PDC640, fits squarely within this commonsense interpretation of the Warrant.  The Polaroid PDC640 camera fits within the scope of the Warrant.

The bondage materials, however, do not fit within the scope of the Warrant.  The Attachment lists documents, records, computers, computer

hardware and software that are related to the production, possession, and distribution of child pornography, with an emphasis on images stored and distributed in digital form, as well as evidence related to Internet distribution and storage of such data.  See generally Attachment.  The bondage materials are not within this scope.  The Government further presents no affidavits or other evidence that the officers executing the Warrant had a good faith belief that the bondage material fit within the scope of the Warrant.

The Government argues that the bondage materials were properly seized under the plain view exception to the warrant requirement.  When a law enforcement official executing a search warrant, "comes across an article not specified in the warrant, but one nevertheless having an incriminating character, it is well-established that he may seize that article as well as any others that are specified in the warrant."  United States v. Jefferson, 714 F.2d 689, 694 (7th Cir. 1983), overruled on other grounds, United States v. Baker, 905 F.2d 1100, 1103-04 (7th Cir. 1990) (citing Coolidge v. New Hampshire, 408 U.S. 443, 465 (1971).  To establish the exception to the warrant requirement, the Government must show:

> (1) the initial intrusion which afforded the authorities the plain view was lawful;
> (2) the discovery of the evidence was inadvertent; and
> (3) the incriminating nature of the evidence was immediately apparent.

United States v. McDonald, 723 F.2d 1288, 1295 (7th Cir. 1984) (quoting

United States v. Schire, 586 F.2d 15, 17 (7th Cir. 1978).  The Government

has clearly established the first two elements: the law enforcement officers

were searching pursuant to a valid warrant and the materials were

inadvertently found in a desk drawer.  The third element is a closer call and

is discussed below.

A belt, sock, a pair of nylon hose, and two partially used rolls of

masking tape all have innocent purposes and uses.  The discovery of these

items in a desk drawer is not surprising.  However, the cord seized with the

above listed "innocent" use/purpose items sheds additional light upon those

innocent items.  These materials cannot be viewed in a vacuum.  The cord

was threaded through the clasp to form a loop.  The looped cord appears

to be designed to tighten around something to bind something.  The

Affidavit further states that Carson distributed pornographic pictures of

children in bound poses. Given the specific function of the cord, coupled

with the information known before the search, the Court finds that the

Government has met its burden under the third element to show that the

incriminating nature of the cord and the other innocent items seized with

the cord, was immediately apparent.  The cord was designed to bind

something, and Carson had child pornography that included bondage

images.  The other items could be used for other than innocent purposes in

conjunction with the cord.   The Court recommends that the bondage materials should not be suppressed under the plain view exception to the warrant requirement.

WHEREFORE this Court recommends that Defendant Steven L. Carson's Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment (d/e 11) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after being served with ECF copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986); 28 U.S.C. § 636(b)(1); Local Rule 72.2.

ENTER: October 25, 2012

          s/ Byron G. Cudmore
          BYRON G. CUDMORE
     UNITED STATES MAGISTRATE JUDGE